AMERICAN MAIZE PRODUCTS CO. v.
UNITED STATES.
No. 43018.

Court of Claims.

Nov. 6, 1939.

Richard S. Doyle, of Washington, D. C., for plaintiff.

J. H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

This case presents two questions: first, whether or not a sufficient and timely claim for refund was filed; and, second, whether or not the action of the Commissioner taken subsequent to July 11, 1932, and prior to July 10, 1933, was a redetermination of the tax liability.

The plaintiff insists that a certain letter written by it to Collector of Internal Revenue Bowers under date of February. 24, 1927, was an informal claim for refund; that this claim was filed before the bar of the statute of limitations; that its subsequent claims filed on April 18, 1929, May 20, 1932, and July 25, 1932, after the running of the statute, were proper amendments of its informal claim and, therefore, being amendments, they were filed in time.

With this contention we cannot agree.

Plaintiff's letter of February 24, 1927, referred to an interview in the New York Times by Collector Frank K. Bowers. In that interview Collector Bowers referred to the decision of the United States Supreme Court in the case of Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, holding that the Government has no right to seize the property of taxpayers in distraint proceedings in cases where the taxpayers are protected by the statute of limitations against ordinary court proceedings for the collection of back taxes. Plaintiff in its letter stated that Collector Bowers in his interview had stated that he would make refunds to taxpayers for back taxes paid after the statute of limitations had expired. In the second paragraph of plaintiff's letter it set out the taxes paid and stated, "We wish to make claim for the refund of these amounts, if due us," and requested the Collector to file on its behalf a claim for such refund.

It seems clear to us that this claim was based alone on a possible payment of taxes after the statute of limitations had expired. It was not a general claim for refund, but one based upon a specific ground.

Plaintiff's subsequent claims for refund were based upon its right to special assessment under Sections 327 and 328 of the Revenue Act of 1918, 40 Stat. 1093. This ground had no relation whatever to

the payment of taxes after the bar of the statute. They were new and independent claims for refund, and cannot be considered as valid amendments of the former informal claim filed on February 24, 1927. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

Since these claims of April 18, 1929, May 20, 1932, and July 25, 1932, were filed after the expiration of the statute of limitations for filing claims the Commissioner properly disallowed them, and plaintiff is, therefore, not entitled to recover.

This view makes it unnecessary for us to discuss whether or not the Commissioner's action taken as a result of plaintiff's appeal to him on July 11, 1932, for a redetermination of its tax liability under the provisions of Sections 327 and 328 of the Revenue Act of 1918, amounted to a redetermination by the Commissioner of an overassessment.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.