## LINCOLN COTTON MILL CO. v. UNITED STATES.
### No. 45587.

Court of Claims.

Jan. 3, 1944.

Walter E. Barton, of Washington, D. C., for plaintiff.

John A. Reese, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

February 18, 1937, the plaintiff, by and through its president and treasurer Charles N. Brown, prepared and filed a completed unjust enrichment tax return for 1935, on which return, line 7, page 1, thereof, a tax of $4,087.14 was shown to be due and which tax was paid on the same day on which the return was filed with the collector. On the same line of the return on which this tax was computed and shown to be due plaintiff's president inserted in typewriting the statement "Paid under protest and refund demanded." There is no evidence to show the reason why Brown inserted this statement on the return other than that which the words themselves indicate. Nothing further was said or done by plaintiff in connection with the tax shown to be due upon the return and paid until sometime in January 1940 nearly three years later when a revenue agent came to plaintiff's office in Evansville, Indiana, from his headquarters in Chicago, Illinois, to make an examination of plaintiff's books and records, in the usual course of his duties, for the purpose of auditing the return filed. The time for filing a proper and timely claim for refund had not expired at that time in January 1940. While the revenue agent was auditing plaintiff's books and records in January 1940, Charles F. Brown, plaintiff's president at that time (a son of Charles N. Brown), mentioned to the agent the above quoted notation on the return. During his investigation the agent stated to Brown that he found no tax to be due and that he would furnish plaintiff with a copy of his report to the Commissioner. There is no proof that anyone acting for or on behalf of the Commissioner of Internal Revenue had considered or subsequently considered the notation on the return as a proper claim for refund, informal or otherwise.

The revenue agent made his audit report to the Commissioner February 9, 1940, after he had completed his investigation, in which report he recommended an overpayment of $2,881.30. When sending his report to the Commissioner the revenue agent did not send a copy to the plaintiff. This report was not approved by the Commissioner. Thereafter on July 12, 1940, after the expiration of the statutory period for filing a claim for refund, plaintiff filed a claim for refund on Treasury Form 843. No mention was made in this refund claim that an informal claim had previously been filed or that the formal claim filed was intended as an amendment of an informal and inadequate claim for refund made on the return. That question was never brought before the Commissioner and he has never considered it. When the Commissioner came to consider the claim filed July 12, 1940, he rejected it because it had not been filed in time and declined to consider the merits of the claims advanced

therein. Prior to the filing of this refund claim on July 12, plaintiff had, on September 25, 1939, within the period during which it could have filed a timely claim for refund, executed and filed with the Commissioner, apparently at the Commissioner's request, a waiver of the statutory period of limitation for assessment and collection of any additional tax that might be found to be due for 1935. We think, in these circumstances, that if plaintiff had actually thought or believed when it filed this waiver that it had overpaid its tax it would also have filed a proper claim for refund at the same time. The most that can be said for the notation on the return is that plaintiff was protesting the payment of the tax shown to be due and hoped that the Commissioner would find no tax to be due when he came to make his final audit of the return. The notation on the return upon which plaintiff relies as an informal claim for refund lacked the form as well as the certainty necessary to satisfy the requirements under the statute and regulations to such an extent as to constitute an informal claim for refund which might subsequently be legally amended after the expiration of the statute of limitation. United States v. Andrews, Executrix, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; Ritter v. United States, 3 Cir., 28 F.2d 265; Ross v. Commissioner, 5 Cir., 129 F.2d 310. In these circumstances we do not deem it necessary to discuss the cases cited by plaintiff on the question of the sufficiency and amendments of refund claims. We do not find the cases cited to be in point under the facts of this case.

Refund of the overpayment claimed is barred by the provisions of Section 322(b) (1) of the Revenue Act of 1936, 26 U.S. C.A.Int.Rev.Code, § 322(b) (1), and the petition must be dismissed. It is so ordered.

JONES, Judge, took no part in the decision of this case.