**LIAN BROS.**

**v.**

**UNITED STATES.**

United States District Court
S. D. New York.
Aug. 20, 1954.

Kenneth Carroad, New York City, for plaintiff; Theodore Proff, New York City, of counsel.

J. Edward Lumbard, Jr., U. S. Atty., for the Southern Dist. of New York, New York City, for defendant; Milton E. Lacina, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

Defendant moves, after issue has been joined, to dismiss the amended complaint on the grounds that: (1) the Court lacks jurisdiction over the subject matter of the action because of the running of the Statute of Limitations; (2) the complaint fails to state a claim against the defendant upon which relief can be granted; and (3) because of the failure to state a claim against the defendant upon which relief can be granted, the Court lacks jurisdiction over the subject matter of the action.

This action was commenced on June 15, 1942. The first complaint alleged that in accordance with the provisions of Sections 902 and 903, Title VII, Revenue Act of 1936, 7 U.S.C.A. §§ 644, 645, plaintiff had filed a claim upon P. T. Form 77 for a refund of certain compensating taxes illegally and unconstitutionally assessed against it by the Commissioner of Internal Revenue under the provisions of Section 15 of the Agricultural Adjustment Act, 7 U.S.C.A. § 615; that said refund claim had been disallowed by the Commissioner of Internal Revenue; that the Statute of Limitations had run; but that defendant should be estopped from pleading the Statute of Limitations as a bar.

A motion to dismiss that complaint was granted by Judge Hulbert in this Court on January 4, 1943 on the ground that the Court lacked jurisdiction to grant the relief sought in the complaint because the action had not been started within the time prescribed by the statute, and that since the time limitation was a condition of the Court's jurisdiction, the Court had no power to overrule the objection. Under the statute, the action had to be commenced not earlier than eighteen months after the claim had been filed unless the Commissioner had rendered a decision within that time, and not later than two years after it was disallowed. Leave was granted to the plaintiff to file an amended complaint.

Plaintiff then amended his complaint, and it is the amended complaint that is before me for dismissal on the same grounds that the original complaint was dismissed.

The amended complaint alleges that a refund claim on a P.T. Form 24 was properly filed in accordance with the provisions of Sections 902 and 903, Title VII, Revenue Act of 1936; that it has never been disallowed; and that more than eighteen months have elapsed since the claim was filed. It is also alleged that plaintiff in proper time had submitted voluminous evidence sufficient to support the refund claim, and that he had directly borne the burden of the tax. It would appear that, on the face of the complaint, plaintiff had sufficiently stated a claim against the defendant upon which relief could be granted within the scope of Section 902 of the Revenue Act of 1936.

The plaintiff contends that since this claim had never been disallowed, the time limitation under Section 904, Title VII, Revenue Act of 1936 (now Section 646, Title 7 U.S.C.A.) has not run so as to impose a limitation upon the Court's jurisdiction over the subject matter. See Munro v. United States, 2 Cir., 1937, 89 F.2d 614; United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

The papers submitted with the motion show, however, without dispute, that in July of 1936, plaintiff filed the refund claim on P.T. Form 24, which claim is the subject of this motion, and is the claim referred to in the complaint. On October 16, 1936, Regulations 96 were promulgated by the Commissioner of Internal Revenue. These Regulations prescribed the form to be used in filing claims for refund under the Agricultural Adjustment Act, as amended. The re-

sult was that the previous form, P.T. Form 24, was no longer the proper form and the claims would have to be filed on P.T. Form 77. The plaintiff was requested by the Commissioner of Internal Revenue to file an amended refund claim on P.T. Form 77, which it did on June 30, 1937. The papers show that it was the same claim, and that only the form on which it was filed was different. On August 23, 1939, the Commissioner of Internal Revenue dismissed the claim on P.T. Form 77 for lack of sufficient evidence that plaintiff had borne the burden of the compensating tax. It was this claim that was the subject of the motion to dismiss the complaint granted by Judge Hulbert, since action was not instituted until after two years after the disallowance of the claim.

The question presented, therefore, is whether when the plaintiff filed an amended return on P.T. Form 77, this claim merged the previous claim which had been filed on P.T. Form 24; or whether, in order to start the period of limitations running, the Commissioner not alone had to disallow the claim on the later form, but also the claim on the original superseded form. If the claim on P.T. Form 77 was merely a continuation of the previous claim which had been filed on P.T. Form 24, it, in effect, merged the previous claim, and a disallowance of the claim on P.T. Form 77 started running the period of limitations for the institution of an action.

■ Rules of pleading, modified to meet the necessities of administrative practice, are generally applicable to the procedural course followed in seeking refunds from the Commissioner of Internal Revenue. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 289, 77 L.Ed. 633.

■ If a refund claim is amended so as to conform to a regulation, it is still a single claim. Judge Cardozo aptly expressed this principle in United States v. Memphis Cotton Oil Co., supra, 288 U.S. at page 71, 53 S.Ct. at page 281:

"The Commissioner has the remedy in his own hands if the claim as presented is so indefinite as to cause embarrassment to him or to others in his Bureau. He may disallow the claim promptly for a departure from the rule. If, however, he holds it without action until the form has been corrected, and still more clearly if he hears it, and hears it on the merits, what is before him is not a double claim, but a claim single and indivisible, the new indissolubly welded into the structure of the old."

Upon the filing of the amended refund claim on P.T. Form 77, raising the same questions presented in the original refund claim on P.T. Form 24, the latter disappeared as if it were the original of an amended complaint. To conclude otherwise would be to argue that where an amended complaint has been dismissed, plaintiff could rely on his original complaint and because this also was not dismissed, thus toll the period of limitation.

Plaintiff contends, however, that defendant may not now, after issue has been joined, move to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. 28 U.S.C. Rule 12(b) states:

"A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

However, Rule 12(h) provides, in part, that

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

In this case, the statute, Section 904, Title VII, Revenue Act of 1936 (now Section 646, Title 7 U.S.C.A.) specifically provided with respect to the institution of actions for claims for refunds:

"Notwithstanding any other provision of law, no suit or proceeding, whether brought before or after the date of enactment of this Act, shall be brought or maintained in any court for the recovery, recoupment, set-off, refund, or credit of, or counterclaim for, any amount paid by or collected from any person as tax (except processing tax, as defined herein) under the Agricultural Adjustment Act (a) before the expiration of eighteen months from the date of filing a claim therefor under this title, unless the Commissioner renders a decision thereon within that time, or (b) after the expiration of two years from the date of mailing by registered mail by the Commissioner to the claimant a notice of disallowance of that part of the claim to which such suit or proceeding relates. Any consideration or any action by the Commissioner with respect to such claim following the mailing of notice of disallowance shall not operate to extend the period within which any suit or proceeding may be brought."

■ This period of limitation which permits a suit against a Sovereign is something more than a Statute of Limitations; it is a condition attaching to the right to sue the Sovereign, which must be complied with if the suit is to have any legal basis whatsoever. Paschal v. North Atlantic & Gulf S. S. Co., D.C.S.D.N.Y.1950, 95 F.Supp. 293. If this suit was not instituted within two years after the rejection of the claim by the Commissioner, then there is no legal basis upon which this Court has jurisdiction to consider the action.

I find as a matter of uncontroverted fact that:

(1) The claim filed on P.T. Form 77 involved the same claim which was filed on P.T. Form 24.

(2) The claim filed on P.T. Form 77 was rejected by the Commissioner on August 23, 1939.

(3) This action was not instituted until more than two years after the rejection of the aforesaid claim by the Commissioner.

■ I make the following conclusions of law:

(1) The filing of the claim on P.T. Form 77 was merely an amendment of the claim which had theretofore been filed on P.T. Form 24, and did not constitute a new claim.

(2) That since action was not started within two years after the rejection of the aforesaid claim by the Commissioner, this Court lacks jurisdiction over the claim asserted in the amended complaint.

The motion to dismiss the action is granted. Submit order.