**George L. SCHARPF and William Fred Scharpf, Executors of the Estate of Louis C. Scharpf, Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendant.**

**Civ. No. 8282.**

United States District Court
D. Oregon.
Dec. 14, 1956.

Carl E. Davidson and Charles P. Duffy, Portland, Or., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Allen A. Bowden and Jerome S. Hertz, Washington, D. C., and Clarence E. Luckey, U. S. Atty., and Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for the Government.

SOLOMON, District Judge.

Plaintiffs, as executors of the estate of Louis C. Scharpf, deceased, seek to recover individual income taxes for the year 1944 assessed against and paid by the decedent.

The case is before the court upon an agreed statement of facts contained in the pre-trial order as well as certain exhibits attached to the order.

These facts disclose that Scharpf and his wife, together with another married couple, entered into a written partnership agreement which provided that the profits of the business were to be divided equally between the four partners after paying $9,000 per year to each of the husbands and $300 per year to each of the wives.

On October 3, 1947, the Commissioner of Internal Revenue notified Scharpf of an income tax deficiency asserted against him for the year 1944 in the sum of $8,328.06. This deficiency was based upon the Commissioner's contention that one-half of the income from the partnership during 1944 was taxable to him and that none of such income was taxable to his wife. On the same day, the Commissioner notified Twin Oaks Company, a corporation owned and controlled by the members of the partnership, of deficiencies asserted against it for the years 1942, 1943 and 1944, claiming that all of the partnership income for each of these years was taxable to the corporation rather than to the partners.

On March 8, 1948, Scharpf paid the asserted deficiency by applying the total credit for overassessments determined for Scharpf's wife together with a cash payment for the balance. This payment was accompanied by a letter dated March 6, 1948, which stated:

"The payment of the deficiency above described and the application

of the credits as above set out are not to be construed as an admission of the correctness of the determinations of the Commissioner of Internal Revenue, nor a waiver of taxpayers' right to a refund of any or all of the deficiency concerned in the event it is later determined that the Federal income tax liabilities of the parties are subject to revision."

On March 13, 1948, Scharpf filed with the then Collector of Internal Revenue a proper and timely claim for refund. The reason set forth by the taxpayer for the allowance of his claim was that:

"In a proceeding now pending before The Tax Court of the United States, Docket No. 16845, the Commissioner of Internal Revenue has taken the position that all or a substantial portion of the income of this taxpayer for the year 1944 was the income of a corporation known as Twin Oaks Company. Should the Commissioner prevail in such pending litigation this taxpayer will be entitled to a refund of all or a substantial part of the tax paid by him individually as above described. This claim is filed for the purpose of staying the running of the Statute of Limitations as to the year 1944, and it is requested that any action thereon be delayed until the decision of The Tax Court of the United States shall have been rendered and a final determination had as to the taxation of the income of this taxpayer."

On July 20, 1950, the United States Court of Appeals for the Ninth Circuit held that the Tax Court was in error in sustaining the Commissioner's deficiency assessments against the corporation. Twin Oaks Co. v. Commissioner, 9 Cir., 183 F.2d 385.

On February 16, 1951, taxpayer filed a claim for refund for the year 1944, seeking to amend his refund claim for that year which he had previously filed on March 12, 1948, upon which the Commissioner had taken no action. The statement attached to this refund claim was as follows:

"On or about January· 25, 1941, I and my wife, Eva M. Scharpf, and John J. Rogers and his wife, Corabelle M. Rogers, entered into a written partnership agreement, effective January 1, 1941, for the purpose of conducting a business under the name of Twin Oaks Builders Supply Co., of general supply in the city of Eugene, Oregon. Each of the parties contributed $2000.00 to the partnership capital and also obligated themselves on a promissory note of the partnership payable to Twin Oaks Company, a corporation, in the amount of $89,378.35, in payment for certain assets which were thereafter used by the partnership in its business. By the terms of said partnership agreement, as amended, the profits of the said business were to be divided equally among the said parties after payment to me and John J. Rogers of the sum of $9000.00 per year each, and the payment to Corabelle M. Rogers and Eva M. Scharpf of the sum of $300.00 per year each. The losses of the said business were to be divided equally among the partners.

"In entering into the said partnership the partners had a bona fide intent to be partners in the conduct of said business and to share in the profits and losses thereof.

"The said partnership was bona fide in all respects and was entitled to recognition for federal income tax purposes.

"This claim is for the amount of deficiency that was asserted against me upon determination by the Bureau of Internal Revenue that the distributive income of Eva M. Scharpf from the said partnership was taxable to me, less overassessment determined to be due on such ground to Eva M. Scharpf."

Louis Scharpf died on May 10, 1952. Thereafter, the present plaintiffs re-

ceived a notice of adjustment of decedent's income tax liability for the year 1944, in which it was determined that there had been an overpayment of decedent's income tax for that year in the sum of $4,006.20 plus interest in the amount of $711.73. However, the Commissioner allowed a refund of only $122.-55, the amount paid by decedent on account of such tax within two years prior to February 16, 1951. This action was based upon the Commissioner's determination (1) that the refund claim filed March 13, 1948, although timely, did not apprise the Commissioner of the exact basis therefor,[1] and (2) the refund claim filed February 16, 1951, although apprising the Commissioner of the exact basis therefor, was not timely and could not be considered as an amendment of the first refund claim.

Plaintiffs received statutory notices of disallowance of both the original and the amended refund claims on October 19, 1954.

Plaintiff contends that (1) Scharpf, in his original claim, was requesting that his 1944 tax matters be held in abeyance pending the outcome of the corporation's litigation in which the family partnership was indirectly involved; (2) the refund claim filed on February 16, 1951, was a proper and timely amendment of the original claim because the family partnership issue in the 1951 claim would have been discovered by an investigation of the original claim; (3) the exhibits introduced in the Tax Court trial involving the corporation disclose that the Commissioner was aware of the exact basis of the original refund claim and constitute amendments of the original claim; (4) the statements in the March 6, 1948, letter constitute an informal refund claim; and, (5) the Commissioner waived the requirements as to the form and content of the refund claim.

There is no merit to plaintiff's contentions.

A taxpayer cannot recover in court on a ground different from that asserted in the claim for refund, unless there is some action of the Commissioner which amounts to a waiver or estoppel.

The Commissioner completed his investigation of Scharpf's tax return prior to the filing of the original claim and had determined that:

(a) Scharpf's wife was not an actual or bona fide member of the partnership and that, therefore, her partnership income was taxable to Scharpf; and

(b) All of the partnership income was taxable to the corporation rather than to the partners.

However, Scharpf failed to set forth both grounds in his original claim for refund. The only ground specified was that he would be entitled to a refund of taxes paid by him individually if the Commissioner, on appeal, should prevail in his contention that "all or a substantial portion of the income of * * * [Scharpf] * * * for the year 1944 was the income of" the corporation.

There was no appeal from the disallowance of the family partnership, and the Commissioner therefore had a right to assume that complaint as to it was waived. This is not a case where an informal or general claim for refund was later amended by a specific claim. This is a case in which, after the statute of limitations had run, an attempt was made to file a new claim under the guise of an amendment to a prior claim, which, although timely filed, never materialized. Under these circumstances, the new claim is barred by the two-year statute of limitations. United States v. Andrews, 1938, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

There was no action on the part of the Commissioner of Internal Revenue which constituted a waiver, since the Commissioner is powerless to

---

1. The applicable statutes and regulations are: Internal Revenue Code of 1939, § 322(b) and § 3772, 26 U.S.C.1952 ed., § 322 and § 3772; Treasury Regulations 111, §§ 29.322-3 and -4.

waive the substantive requirements of the statute requiring that the claim be presented within a given period of time. United States v. Garbutt Oil Co., supra. The function of the statute, like that of limitations generally, is to give protection against stale demands. United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619.

Defendant is entitled to a judgment of dismissal.