## CONSOLIDATED COPPERMINES CORPORATION

v.

## UNITED STATES.

No. 498–52.

United States Court of Claims.

Dec. 6, 1961.

As Amended Feb. 7, 1962.

I. Herman Sher, New York City, for plaintiff.

Joel N. Simon, Silver Spring, Md., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. James P. Garland, Philip R. Miller, and Cynthia Holcomb, Washington, D. C., were on the brief.

WHITAKER, Judge.

Plaintiff sues for additional interest on a refund made it for an overpayment of taxes for 1941. The Commissioner of Internal Revenue refused to pay the interest claimed because he said that, in order to be entitled to the refund, it was necessary to carry back to the year 1941 a part of the 1943 excess profits credit, and that interest on a refund resulting from a carry-back of an excess profits credit is payable only from the date the claim for refund is filed, and, hence, plaintiff is not entitled to the additional interest claimed.

Plaintiff says, if the Commissioner of Internal Revenue had allowed it to carry over the entire unused excess profits credit to which it was entitled for 1940, it would have been unnecessary to carry back any of its unused credit for 1943, and, since there is no limitation on the payment of interest on a refund occasioned by the carrying forward of an unusued credit from a prior year, it is entitled to the additional interest claimed.

It is agreed that if plaintiff is entitled to carry forward its entire unused excess profits credit from 1940, it is entitled to the additional interest claimed.

Plaintiff is entitled to an additional carry-over from 1940 and to a carry-back from 1942 larger than that claimed in its claim for refund, if at all, because the Commissioner of Internal Revenue, in the course of his examination of plaintiff's returns for 1942 and 1943, discovered that plaintiff was entitled to compute its depletion allowance on cost rather than March 1, 1913, value.

When plaintiff made its income and excess profits tax returns for 1941 it claimed a carry-over of its unused excess profits credit from 1940. Then, when it developed that it had sustained a loss in 1942, it filed a claim for refund for 1941, asserting as its sole ground the right to carry back its unused excess profits credit for 1942.

In order to pass on this claim, plaintiff says it was necessary for the Commissioner of Internal Revenue to determine first, how much excess profits credit

plaintiff was entitled to for 1942, and, second, how much of the credit it was necessary to carry back. To determine the first question, plaintiff's net income for 1942 had to be recomputed. This involved a determination of the proper basis for computing depletion. Also, to determine the second question, the amount of plaintiff's carry-over from 1940 had to be determined. This also involved a computation of its income for this year, which, in turn, involved the proper basis for computing its depletion.

So that plaintiff's claim that it was entitled to a carry-back of unused excess profits credit for 1942 set in motion an investigation which naturally would have disclosed plaintiff's right to a depletion allowance based on cost, instead of on March 1, 1913, value.

Before the Commissioner of Internal Revenue had acted on plaintiff's claim for refund based on a carry-back of its unused excess profits credit for 1942, the Commissioner of Internal Revenue entered upon an investigation of plaintiff's 1942 and 1943 tax liability. This investigation and the investigation necessary for action on the claim for refund were interrelated, because the claim for refund was grounded upon a claim of right to carry back to 1941 plaintiff's unused excess profits credit for 1942, and the amount of this unused excess profits credit depended upon a proper computation of its income and invested capital for 1942.

In the course of the investigation of the 1942 tax liability, which, as stated, affected plaintiff's right to the refund claimed, it was discovered that plaintiff was entitled to compute its depletion on cost rather than March 1, 1913, value, and this was allowed.

This, of course, affected plaintiff's rights under its claim for refund. It meant that plaintiff had a larger unused excess profits credit for 1942, which it might carry back to 1941. Since, in order to determine how much of this credit plaintiff had to carry back to 1941 to extinguish its tax liability for that year, it was necessary to determine the amount

plaintiff could carry over from 1940, the Commissioner of Internal Revenue had to recompute plaintiff's tax liability for this year, using the new basis for computing depletion.

When plaintiff's 1940 tax liability was recomputed it was discovered that it was entitled to a carry-over to 1941 of an unused excess profits credit of some $220,000, instead of some $86,000, as the revenue agent had originally computed it. This made unnecessary the carry-back to 1941 of the entire unused excess profits credit for 1942, and, hence, it was unnecessary to carry back any credit from 1943.

Plaintiff says that its claim for refund of 1941 excess profits tax, based on a claim of right to deduct from its 1941 excess profits net income an unused excess profits credit from 1942 set in motion the investigations that led to the discovery of its right to compute its depletion on cost. Since this discovery was made within the statutory period, plaintiff says it was entitled to amend its claim of a carry-back of its unused excess profits credit for 1942 by asserting the right to have it computed using cost as the basis of the depletion allowance. In order to so determine the credit to be carried back, it says it was necessary to recompute its unused excess profits carry-over from 1940, using cost as the basis of depletion.

We think plaintiff's position is correct.

[1, 2] It is true plaintiff claimed a carry-back of a specific amount from 1942, but the amount claimed is unimportant. The crucial thing is that there was claimed a carry-back from 1942, which claim caused the audit, in the course of which it was discovered that plaintiff had the right to deduct depletion based on cost. This discovery was within the statutory period. The Commissioner of Internal Revenue being on notice of this right within the statutory period, plaintiff had the right, after the running of the statute, to file a formal claim, amending its former claim to a 1942 carry-back by claiming an amount based on the increased depletion allow-

ance. The new basis for computing depletion would increase the carry-over from 1940 and the carry-back from 1942, both of which would extinguish the tax liability for 1941, and make unnecessary any carry-back from 1943. This being true, it is agreed that plaintiff is entitled to recover the additional interest it seeks.

We think this is in line with the holding of the Supreme Court in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; and United States v. Andrews, 302 U.S. 517, 523–524, 58 S.Ct. 315, 319, 82 L.Ed. 398.

In the Memphis Cotton Oil Company case the claim filed by the plaintiff was a general one. Upon audit of it, it was discovered by the Commissioner of Internal Revenue that plaintiff was entitled to the repayment of an amount in excess of the amount claimed. The Supreme Court held that the taxpayer was entitled to amend its prior claim to set up its right based upon facts discovered by the Commissioner of Internal Revenue in the audit of its books.

The facts in the present case are somewhat more complicated, but, as in the Memphis Cotton Oil Company case, plaintiff's claim here was based alone on its claim of right to carry back an unused excess profits credit from 1942. This claim led to the discovery of the facts which it set up in its amendment to its former claim for refund. Under the authority of that decision, it would seem the amendment is permissible.

In United States v. Andrews, supra, the Supreme Court said that where a claim for refund "has not misled him [meaning the Commissioner of Internal Revenue] but has been the basis of an investigation which disclosed facts necessary to his action in making a refund, an amendment which merely makes more definite the matters already within his knowledge, or which, in the course of his investigation, he would naturally have ascertained, is permissible."

This case comes squarely within the rule stated by the Court. Plaintiff claimed a carry-back from 1942. It was "the basis of an investigation" by the Commissioner of Internal Revenue. This investigation "disclosed facts necessary to his action in making a refund." The amendment filed set out specifically "matters already within his [the Commissioner's] knowledge."

The facts in the Andrews case differ, however, from those in the case at bar. In the Andrews case a specific ground for relief was set up in the original refund claim, but the "so-called amendment of her claim [had] no relation whatever to the items set forth in the original claim." Not so in the case at bar. The original claim asserted the right to carry back an unused excess profits credit from 1942. This was the subject of the amendment. In support of this claim, the amendment set out facts discovered in the course of the investigation of the former claim. Under such facts the Andrews opinion says the amendment is permissible.

The problem of when a claim for refund can be amended after the running of the statute has been presented to this court in a number of cases. Where the amendment is inconsistent with the former claim, or has injected new and unrelated matter, we have not allowed it, but where it is germane to the original claim and sets up matter discovered in the course of the investigation of the original one, we have allowed it. As an illustration of the latter class and one nearly comparable in its facts to the case at bar is Addressograph-Multigraph Corp. v. United States, 78 F.Supp. 111, 122, 112 Ct.Cl. 201. There the taxpayer made no claim in its claim for refund of a right to amortization of engineering expense, although it did claim depreciation on other items, but in the course of the investigation by the revenue agent it was concluded that the taxpayer was entitled to such a deduction. We concluded, "Under these circumstances we must conclude that the amendment merely made more definite the matters already within the knowledge of the Commissioner, which in the course of his investigation he actually did ascertain."

See also St. Joseph Lead Co. v. United States, D.C., 190 F.Supp. 637.

746

We think plaintiff in this case was entitled to amend its original claim to make it conform to facts already in the knowledge of the Commissioner of Internal Revenue, which showed that it was entitled to a greater unused excess profits carry-over from 1940 which affected the amount of its carry-back from 1942. Since the carry-over from 1940 and the carry-back from 1942 extinguishes plaintiff's excess profits tax liability for 1941, it is unnecessary to carry back anything from 1943. If not, it is agreed plaintiff is entitled to the additional interest claimed.

It results that plaintiff is entitled to recover. Judgment for $7,578.05 will be entered.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.