William B. STEVENS and Gertrude N. Stevens, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 6373.

United States District Court
S. D. Ohio, W. D.

July 14, 1967.

44. Def.Ex.B, p. 3.

Bruce I. Petrie, Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiffs.

Charles G. Heyd, First Asst. U. S. Atty., Cincinnati, Ohio, Barry E. Fink, Trial Atty., Tax Division, Department of Justice, Washington, D. C., for defendant.

## OPINION
### and
## ORDER OF DISMISSAL

HOGAN, District Judge.

The defendant, United States of America, has filed a motion to dismiss the complaint in this case. The complaint asserts a claim for refund of some two thousand dollars in income taxes paid by the plaintiffs for the taxable calendar year 1958. For calendar year 1961 the plaintiffs sustained a net operating loss of some ten thousand dollars, available for carry-back purposes to calendar 1958, entitling plaintiffs, according to their claim, to a refund on their 1958 Income Tax Return of that approximate two thousand dollars.

Plaintiffs' 1961 Income Tax Return was filed August 30, 1962, and for purposes of passing on this motion, it will be assumed that plaintiffs obtained at least an extension of time for filing their 1961 return up to and including the filing date of August 30, 1962. The plaintiffs' claim for refund in respect of the year 1958 is based on the operating loss carry-back suffered in 1961, and was filed on August 26, 1965, with the District Director of Internal Revenue at Cincinnati, Ohio. The District Director disallowed that claim on November 29, 1966, on the ground that the refund claim was not timely filed. The motion to dismiss is based on the ground that that refund claim was not filed within time and that, therefore, this Court has no jurisdiction of the claim, allegedly set forth in the complaint.

It appears from the briefs of the parties that whatever writing or writings obtained by the plaintiffs in 1962, which extended the time for the filing of the 1961 return, was or were destroyed by the Internal Revenue Service in December of 1965. This destruction was, of course, unrelated to this case or this claim, but appears to have been done in the ordinary course of the practice of the Service with respect to this and like records. It is unfortunate though that the destruction took place after the claim for refund was filed.

The complaint uses this language in describing the documents obtained by the plaintiff in 1962, extending the time for filing the 1961 return, "Plaintiffs, then residents of Winter Haven, Florida, applied for and were granted an extension by the Internal Revenue Service for filing their 1961 Income Tax Return, * *." In the plaintiffs' brief, however, reference is made to a claim that the plaintiffs in 1962 obtained an "agreement." The significance will appear later herein.

The pertinent portions of the statutes involved are as follows:

26 U.S.C. § 6081, provides in subsection (a)—

"The Secretary or his delegate may grant a reasonable extension of time for filing any return * * * required by this title."

Title 26, § 6501, provides in its pertinent portions as follows:

"(a) General Rule—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within three years after the return was filed, (whether or not such return was filed on or after the date prescribed) * * *."

Subsection (c) deals with exceptions to the general rule and in exception numbered 4 we find this:

"Extension by agreement—Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title * * * both the Secretary or his delegate and the taxpayer have consented

in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. * * *"

§ 6511 of Title 26 U.S.C. sets forth the limitations on credit or claims for refund. Section (a), titled, "Period of Limitations on Filing Claim" provides:

"Claim for * * * refund of an overpayment of any tax in respect of which tax the taxpayer is required to file a return shall * * * be filed by the taxpayer within three years from the time the return was filed * *."[1]

Section (d) deals with special rules and we find among the special rules one numbered 2, dealing with "Special Period of Limitation with respect to Net Operating Loss Carry-backs."

Rule A, entitled "Period of Limitation" provides:

"If the claim * * * or refund relates to an overpayment attributable to a net operating loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends with the expiration of the 15th day of the 40th month * * * following the end of the taxable year of the net operating loss which results in such carryback, or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later. * * *"

Subsection (c) is entitled, "Special Rules Applicable in Case of Extension of Time by Agreement." It reads:

"If an agreement under the provisions of § 6501(c) (4) extending the period for assessment of a tax imposed by this title is made within the period prescribed in subsection (a) for the filing of a claim for * * * refund * * [then] the period for filing claim for * * * refund * * * shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement * * * under § 6501(c) (4). * * *"

The forty-month period provided in § 6511(d) (2) expired on April 15, 1965. It is the claim of the plaintiffs, however, that § 6511(c) (1) is applicable; the plaintiffs argue that what was obtained in 1962, dealing with an extension of time for filing the 1961 Return was an "agreement" under that subsection; that such agreement extended both the period of assessment and the time within which the 1961 Return could-have been filed. The claim is, therefore, that the taxpayers plaintiffs had an additional six months' period.

We do not agree for several reasons.

■ We think the plaintiffs correctly characterize what was obtained in 1962 in the complaint filed in this case as "applied for and were granted an extension." An "extension" is action under § 6081. Action under § 6081 is not an "agreement" under § 6501(c) (4), extending the time for assessment and therefore is not effective to extend the ordinary forty-month period for refund carry-back claims. An "extension" is not an "agreement" as that word is used in subsection (c) of § 6511.

■ We point out further (1) it would be a useless act for the Revenue Service to obtain from a taxpayer or enter into an "agreement" with a taxpayer extending the time for assessment prior to the time a return is filed. The reason is that the period of assessment does not begin to run until the return is filed. § 6501 supra. (2) § 6511(c) refers not only to an "agreement" but to "an agreement * * * extending the period of assessment * * * made *within the period* prescribed in subsection (a) for the filing of a claim for * * * refund." The period prescribed in subsection (a) is "within 3 years from the time the return was filed * * *." In other words, the statute plainly limits the extending effect to an "agreement"

---

[1]. We point out in passing that the claim for refund of the 1958 Income Taxes paid by the plaintiffs was filed clearly more than three years after the 1958 Return was filed, so we are not here concerned with Section (a) of § 6511.

*after* the filing of the return. What plaintiffs rely on here is and was something *concededly* obtained *before* the 1961 return was filed.[2] It is for this reason that, while a question of fact of "extension v. agreement" might be raised by an amended complaint, we conclude that the question (if one there could be, which we doubt) resolved in plaintiffs' favor, would not avail the plaintiffs any relief.

See generally Claremont Waste Manufacturing Co. v. Commissioner .of Internal Revenue, 238 F.2d 741, at 748 (C.A. 1st).

### ORDER

It is, therefore, ordered, for the above reasons that the motion of the defendant, United States, be and it hereby is sustained and the complaint of the plaintiffs be and it hereby is dismissed at the costs of the plaintiffs.

2. This construction of the statutes is not strained but literal; if "strict," it is in line with the general principle that refund "conditions and restrictions must be *strictly* complied with." New York Handkerchief Mfg. Co. v. United States, 142 F.2d 111 (7th 1944), citing United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938).