William B. CHOATE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 03–CV–0838K (JAH).

United States District Court,
S.D. California.

Sept. 2, 2003.

---

William B. Choate, Oceanside, CA, pro se.

U.S. Attorney CV, U.S. Attorneys Office, Southern District of California, San Diego, CA, Norma J. Schrock, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KEEP, District Judge.

On July 30, 2003, Defendant filed the instant motion to dismiss for lack of jurisdiction over the subject matter under FRCP 12(b)(1) and for insufficiency of service of process under FRCP 12(b)(5). On August 19, 2003, Plaintiff filed an opposition. Defendant filed a reply on August 25, 2003. Plaintiff proceeds *pro se*, and Defendant proceeds through counsel.

### I. Background

The background information in this Order is taken from the Complaint and other pleadings and is not to be construed as findings of fact by the Court.

On January 25, 1991 and October 24, 1991, Plaintiff filed joint tax returns with his (then) wife for 1988 and 1989, respectively. *Declaration of Norma J. Schrock* (hereinafter "Schrock Declaration"), Exhibit A, Exhibit B. Additional taxes for those years were assessed by the United States on November 20, 1995. *Id.* The United States levied payment for 1988 on July 1, 1996. Full payment was received for the 1989 taxes pursuant to a levy on May 13, 1998. *Id.* Mr. Choate petitioned the Internal Revenue Service ("IRS") on January 22, 1999 for amounts he overpaid as result of a capital loss that was not previously considered by the IRS. *Schrock Declaration*, Exhibit C (*Declaration of William B. Choate in Support of Request for Innocent Spouse Relief*). Mr. Choate provided documentation of such capital loss from a real estate transaction in 1989, and the IRS allowed the abatement. *Complaint*, Attachment 2. On January 30, 2001, Mr. Choate, acting on the advice of a tax payer advocate, submitted a request for Innocent Spouse Relief for the 1989 tax year, requesting additional money that he believed he had overpaid. *Schrock Declaration*, Exhibit C; *see also Reply*. On April 27, 2001, the IRS notified Mr. Choate that his claim for Innocent Spouse Relief was denied based in its assessment that it was not submitted within the statutorily prescribed time frame. *Complaint*, Attachment 4. Mr. Choate appealed, and the Appeals office sustained the IRS' rejection of his claim. *Id.* at Attachment 6. He then asked for a redetermination on August 31, 2001, and the IRS declined. *Id.* at Attachment 5. Mr. Choate petitioned the U.S. District Court regarding the disallowance of his Innocent Spouse Relief claim on April 28, 2003.

### II. Subject Matter Jurisdiction

#### A. Standard of Review

Federal Rules of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of jurisdiction over the subject matter. "The standards applicable to a Rule 12(b)(1) speaking motion differ greatly from the standards for ruling on a motion for summary judgment. Faced with a factual attack on

subject matter jurisdiction, 'the trial court may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56 ... [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." ' *Thornhill Publishing Company, Inc. v. General Telephone and Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979) (*internal citations omitted*). Thus, in this case, Plaintiff has the burden of proving, either in its petition or in its opposition to Defendant's motion, that subject matter jurisdiction does in fact exist.

## B. Legal Standard

For this court to have subject matter jurisdiction over Plaintiff's claim for a tax refund, his claim for Innocent Spouse Relief must have been filed within the time limits required by the tax code for such claim. *United States v. Dalm*, 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). If the claim was not filed "according to the provisions of the law in that regard" at the administrative level, no suit "shall be maintained in any court." 26 U.S.C. § 7422. Since Plaintiff fully paid his tax liabilities for 1989 by 1998, his present claim for Innocent Spouse Relief must be considered a refund. Section 6511(a) of the Code establishes that a

> claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within **3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.**

26 U.S.C. § 6511(a) (emphasis added). Applying Section 6511(a), Plaintiff would have had to file his claim for overpayment due to Innocent Spouse Relief either three years after he filed his return on October 24, 1991 or 2 years after the tax was fully paid on May 13, 1998, whichever was later. Statuto-

rily, Plaintiff was required to file his refund claim by May 13, 2000. He filed his claim for Innocent Spouse Relief in January of 2001—eight months after the prescribed time to do so had expired.

## C. Discussion

Plaintiff offers three arguments in his attempt to prove subject matter jurisdiction does, in fact, exist despite the apparent failure to timely file the claim for relief. First, he argues the claim for Innocent Spouse Relief was an amendment of a timely claim; second, he states he relied upon the oral advice of an IRS employee; and, third, he believes he has two years from a letter dated April 27, 2001 to contest the IRS decision in court which, he argues, should allow his claim. Each argument will be dealt with in turn.

### 1. Amendment of Earlier Claim

Plaintiff argues that his claim for further overpayment relief in 2001 amended his original claim for overpayment relief that resulted in an abatement of taxes in February of 2000. *See Complaint; Complaint* at Attachment 3. Since this initial claim for a refund was filed sometime before May 13, 2000, it was filed administratively within the legally prescribed time limits and any amendment to this claim would relate back.

However, there is nothing in the record to indicate the first claim for relief included a claim for Innocent Spouse Relief. Rather, the record indicates this timely claim was solely for a capital loss deduction due to a debt that became worthless. *See Complaint*, Attachment 2; *see also Schrock Declaration*, Exhibit C. Though it is noted that he mentioned to the Taxpayer Advocate Specialist "business expenses" in his audit reconsideration, there is no evidence that he made a claim for Innocent Spouse Relief. *See Complaint*, Attachment 2 at 8. Business expenses and a claim for Innocent Spouse Relief do not necessarily correlate.

When the Plaintiff did submit his claim for Innocent Spouse Relief, he stated it was to

"supplement" his first claim on which he had already earned a partial refund. "Supplementing" a claim with additional claims is by its very nature different than "amending" and refining an existing claim. Defendant properly points out that a claim cannot be amended to "invoke action requiring examination of other matters not germane to the first claim." *United States Motion to Dismiss*, 4 (quoting *United States v. Andrews*, 302 U.S. 517, 524, 58 S.Ct. 315, 82 L.Ed. 398 (1938)). Plaintiff's claim for relief from the business activities of his former wife are unrelated to capital loss on real estate, nor could this claim have been predicted by merely mentioning business expenses to an taxpayer advocate.. His proper filing of the first claim cannot cure the late filing of his Innocent Spouse Relief claim.

### 2. Reliance on IRS Employee Advice

Plaintiff also argues that the government should be prohibited from asserting the statute of limitations because Plaintiff acted upon the advice of an IRS employee when he filed the claim in 2001.

 Unfortunately, a single instance of delivery of misinformation by a government employee is not enough to invoke equitable estoppel against the government. *S & M Inv. Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 329 (9th Cir.1990). "There is always a risk that misinformed agency employees may err in interpreting statutes and regulations," and consumers assume that risk. *Wagner v. Director, Fed. Emergency Management Agency*, 847 F.2d 515, 519 (9th Cir.1988). The fact that Mr. Choate relied on the advice of the taxpayer specialist does not negate the filing requirements.

### 3. April 27, 2001 Letter

 As stated in the facts, on April 27, 2001, Mr. Choate received a letter from the IRS denying his Innocent Spouse Relief claim. The letter informed him he had two years to file a lawsuit with the United States District Court to appeal that decision. *See*

*Complaint,* Attachment 4; *Reply,* 2. This letter in fact gives him that right. However, his right to come before this court does not pre-determine the outcome. During the appeal this court must consider the filing rules and regulations in determining jurisdiction. The statute of limitations for the filing of the claim is not negated by the ability to appeal the IRS' decision.

### D. Conclusion

Since the Innocent Spouse Relief claim was not properly filed within the administrative time requirements, this court lacks subject matter jurisdiction over Plaintiff's claim.

## III. Insufficient Service of Process

Since this court lacks subject matter jurisdiction, the issue of proper service of process need not be addressed.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss with prejudice.

**IT IS SO ORDERED.**