An August 1, 1975 the court issued the following order:
Before CoweN, Chief Judge, Davis and Nichols, Judges.
“This case comes before the court on defendant’s motion for partial summary judgment and plaintiff’s opposition thereto. Defendant’s motion seeks dismissal of that portion of plaintiff’s petition which seeks a refund of income taxes on the ground that the taxpayer is entitled to an investment credit on certain of its assets. Defendant’s motion is based on the ground that the assets on which the credit is claimed were not included in a timely claim for refund. Upon consideration of the motion and plaintiff’s opposition, the court finds:
“On March 27, 1970, the taxpayer filed a timely claim for refund in which it asserted that it was entitled to certain investment credits, specifically listing a schedule containing 14 different assets. During the investigation of the claim by an Internal Revenue Agent, the taxpayer drew up an additional schedule of assets, handed it to the agent involved, but thereafter did not make any revision of the claim for refund.
“Upon consideration thereof, the court concludes that we lack jurisdiction on the ground that the claim for refund did not specifically raise, nor did its language contain, a timely application for refund as to the list of assets handed to the I.R.C. agent but not included in the only claim for refund filed by plaintiff. Union Pac. R.R. v. United States, 182 Ct. Cl. 103, 389 F. 2d 437 (1968). The court also concludes that plaintiff’s claim for refund does not fall within *1024 tlie rule announced in our decision in Consolidated Coppermines Corp. v. United States, 155 Ct. Cl. 731, 296 F. 2d 743 (1961).
“it is therefore ordered .that defendant’s motion for partial summary judgment is granted and those portions of plaintiff’s petition seeking an investment credit, with respect to assets which were not listed in the claim for refund filed with the Internal Revenue Service, are hereby dismissed.”
On October 1, 1975 the court denied plaintiff’s motion for rehearing to alter or amend judgment.