Grady N. ARNOLD, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 287–89T.

United States Claims Court.

Feb. 20, 1990.

Robert S. Schriebman, Torrance, Cal., for plaintiff.

Robert Patrick Sticht, with whom was Asst. Atty. Gen. Shirley D. Peterson, Washington, D.C., for defendant.

## OPINION

ANDEWELT, Judge.

In this tax action filed pursuant to Section 7422 of the Internal Revenue Code (the Code),[1] plaintiff, Grady N. Arnold, Jr., seeks a refund of $25,981.29 for tax years 1979 and 1980. This action is presently before the court on defendant's motion to dismiss certain of plaintiff's refund claims for tax year 1980. Defendant contends that these refund claims were not presented to the Internal Revenue Service (the IRS) within the statutory time period and as a result, this court lacks subject matter jurisdiction to consider them. For the reasons set forth herein, defendant is partially correct and its motion to dismiss is granted in part.

**1.** Although Section 2 of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2085, redesignated the Internal Revenue Code of 1954 "as heretofore, hereby, or hereafter amended" the "Internal Revenue Code of 1986," the tax periods at issue in this case antedate the Tax Reform Act of 1986. For clarity, references to the

### I.

Plaintiff's 1980 income tax return showed withheld wages well in excess of total tax liability and the IRS issued a refund of $15,102.66. On February 17, 1983, however, after an audit, the IRS served plaintiff with a statutory Notice of Deficiency for 1980 seeking an additional $11,164.00 in tax and $558.20 in penalty. The deficiency was based on plaintiff's 1980 tax return understating income (interest income of $315.00 and unemployment compensation income of $630.00) and overstating deductible expenses. The expenses disallowed by the IRS fell into three categories: employee business expenses ($13,073.09), land clearing expenses ($400.00), and rental expenses for two properties ($11,101.73 and $9,307.64, respectively). Plaintiff did not contest the Notice of Deficiency.[2]

On September 26, 1983, the IRS assessed plaintiff $11,722.20 in tax and penalty plus statutory interest of $4,705.00. On February 4, 1985, the IRS assessed an additional $2,094.20 in interest, a miscellaneous fee of $3.00, and an additional penalty of $725.66, for a total assessment of $19,250.06. On October 26, 1984, plaintiff made payment to the IRS of $19,322.09. The IRS credited the overpayment of $72.03 to plaintiff's other outstanding tax liabilities.

On or about November 28, 1984, plaintiff filed an "Amended U.S. Individual Income Tax Return," Form 1040X, in which he sought a refund for tax year 1980. As explained below, the sole income adjustment plaintiff proposed in his Form 1040X was to decrease the total income for 1980 that the IRS previously had calculated by $13,073.09, the amount of employee business expenses the IRS had disallowed. Based upon this proposed adjustment to income, plaintiff calculated that he was entitled to a refund of $13,700.88.

operative Internal Revenue Code provisions relevant to this proceeding will be to the Internal Revenue Code of 1954 (26 U.S.C.).

**2.** Plaintiff could have contested the deficiency in the United States Tax Court pursuant to Section 6213 of the Code.

On October 30, 1986, plaintiff mailed a letter to the IRS entitled "Amended and Supplemental Claim for Refund" (supplemental refund claim). Therein, plaintiff specifically disputed not only the IRS's disallowance of $13,073.09 in employee business expenses, but also the other adjustments the IRS had made pursuant to the 1983 Notice of Deficiency, *i.e.*, the IRS's disallowance of land clearing and rental expenses and inclusion of disputed interest income and unemployment compensation payments. In addition, plaintiff sought recovery of the related interest and penalties he had paid.

On June 24, 1988, the IRS denied plaintiff's refund claim for tax year 1980. On May 22, 1989, plaintiff filed the instant suit. In his complaint, in addition to the IRS's disallowance of $13,073.09 in employee business expenses, plaintiff contests the IRS's treatment of land clearing and rental expenses and interest income and unemployment compensation payments. In the instant motion to dismiss, defendant contends that plaintiff's supplemental refund claim was filed beyond the statutory period for filing refund claims with the IRS and, hence, this court lacks jurisdiction to consider the claims presented for the first time therein.

## II.

Pursuant to Section 7422(a) of the Code, a taxpayer may seek from the IRS "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." The period of limitations that applies to any such refund request is set forth in Section 6511. Section 6511(a) provides, in pertinent part, that a "[c]laim for ... refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later...." Section 6511(b) makes clear that these time periods serve as a bar to securing a refund. It provides that "[n]o ... refund shall be allowed or made after the expiration of the period of limitation prescribed ... for the filing of a claim for ... refund, unless a claim for ... refund is filed by the taxpayer within such period."

Plaintiff's 1980 tax return was filed on or about December 28, 1981, and on October 26, 1984, plaintiff paid the total amount called for in the 1983 Notice of Deficiency. Hence, plaintiff's request for a refund in his amended tax return Form 1040X, which was filed on or about December 21, 1984, clearly was within both the three-year and two-year limitation periods. However, plaintiff did not mail his supplemental refund claim until October 30, 1986, which is well beyond the three-year limitation and at least four days outside of the two-year limitation. Hence, while plaintiff's amended tax return Form 1040X constitutes a refund claim filed within the statutory period, his subsequently filed supplemental refund claim does not.

Defendant's motion to dismiss rests on the "lateness" of plaintiff's supplemental refund claim. Defendant contends that plaintiff's timely filed Form 1040X raised only issues regarding the IRS's disallowance of $13,073.09 in employee business expenses and the IRS's assessment of a negligence penalty of $174.72. Defendant contends that plaintiff did not raise the other disputed 1980 tax year issues until plaintiff filed his out-of-time supplemental refund claim. In response, plaintiff contends, in effect, that his timely filed Form 1040X, which had attached to it a two-page explanatory letter, covered all of the disputed claims for tax year 1980 and his supplemental refund claim served only to provide additional detail with respect to those claims already made. In the alternative, plaintiff seeks resort to the doctrine of informal claims and alleges that the court should find that he made an informal refund claim for the disputed amounts within the statutory time period.

## III.

■ To evaluate plaintiff's contention that the formal claim embodied in his Form 1040X encompasses all of the disputed 1980 tax year issues, it is necessary to examine the contents of both plaintiff's Form 1040X

and the accompanying two-page explanatory letter.

Form 1040X has three columns. In the first column, entitled "As originally reported or as adjusted," the taxpayer provides on lines 1–16 information concerning income and deductions, tax liability, and payments as previously reported or adjusted, *i.e.*, the previous tax calculations the taxpayer seeks to modify. In the second column, entitled "Net change," the taxpayer notes the net changes he proposes to the amounts provided in lines 1–16 in column 1, *i.e.*, the changes that form the basis for the proposed amendment. In the third column, entitled "Correct amount," the taxpayer modifies the amounts listed in column 1, lines 1–16, to account for the "Net change" listed in column 2 and calculates the "Correct amount" of tax due for 1980. The taxpayer then determines the tax or refund due by comparing the new calculation of total tax due for 1980 with the amount of tax previously paid.

Nothing in plaintiff's Form 1040X suggests that plaintiff disputed any IRS decision other than the IRS's decision to disallow $13,073.09 in employee business expenses and, possibly, the IRS's assessment of penalties and interest. In column 1, line 7, plaintiff correctly listed as "taxable income" the amount as previously adjusted by the IRS pursuant to the 1983 Notice of Deficiency. The only "adjustment" to that income that plaintiff listed in column 2 was to reduce the column 1 "Taxable income" by $13,073.09, the amount of employee business expenses the IRS had previously disallowed. Plaintiff did not seek any additional adjustment to cover the IRS's disallowance of other expenses or inclusion of other income. In column 3, plaintiff proceeded to make calculations based on the $13,073.09 reduction in income and determined that he was entitled to a refund of $13,700.88.

Clearly, plaintiff's calculation of $13,700.88 is erroneous—a deduction of $13,073.09 in taxable income could not possibly produce a $13,700.88 reduction in tax. However, the source of plaintiff's error is apparent. Virtually all of the error results from plaintiff improperly completing column 3, line 18. Line 18 calls for the "Amount paid with original return, plus additional tax paid after it was filed." The applicable instructions state that a taxpayer should not include in the amount stated on line 18 any penalties and interest previously paid. Plaintiff, however, included the total penalties and interest he had paid in 1984 and inserted a note to this effect. As a result, the amount of tax previously paid was incorrectly inflated and the amount of refund sought, which was calculated by subtracting the total tax liability from the amount previously paid, was incorrectly inflated by the same amount.[3]

Thus, when viewing plaintiff's Form 1040X in isolation, plaintiff clearly sought an adjustment relating to $13,073.09 in disallowed employee business expenses and possibly also an adjustment relating to previously paid penalties and interest. But the form contains nothing to suggest that plaintiff in addition sought a refund relating to any other adverse determination made by the IRS in the 1983 Notice of Deficiency.

Next, a review of the two-page letter attached to plaintiff's Form 1040X leads to the same conclusion. In Part II of his Form 1040X, plaintiff states that the attached letter explains the grounds for his claim and is an "integral part" of that claim. In the initial summary paragraph of the letter, plaintiff indicates that his claim seeks the $13,700.88 refund he calculated in his Form 1040X. In this regard, the letter commences: "This *CLAIM FOR REFUND* is made as a demand for the return of all taxes, penalty and interest totaling

---

**3.** The remainder of plaintiff's error stems from plaintiff improperly completing column 1, line 13 of Form 1040X. Line 13 calls for the "Federal income tax withheld and excess FICA and RRTA tax withheld." Plaintiff inserted $15,105.43 as he did on his original Form 1040. But, in fact, $15,344.81 had been withheld.

Since the amount withheld previously was understated, the amount of refund sought in plaintiff's Form 1040X, which is calculated by subtracting the tax due from the total payments made, would be understated by the same amount.

$13,700.88 paid on or about November 1, 1984, pursuant to a deficiency notice."

The letter proceeds to list six "grounds" on which plaintiff claims a refund. The first two grounds relate to the disallowed employee business expenses of $13,073.09. Plaintiff argues that his business expenses qualify as deductible employee business expenses under the applicable regulations. The third ground disputes a $174.72 negligence assessment by the IRS. Plaintiff states that "the 5% penalty for underpayment for negligence or intentional disregard of rules and regulations of $174.72 is erroneous."

The fourth ground begins: "Taxpayor further demands refunds of all taxes, penalty and interest on the grounds that *TAXPAYORS RIGHTS* were denied during the examination of the return." Plaintiff then explains that this allegation is based on the IRS allegedly permitting plaintiff's mother to represent him during the examination without a properly signed power of attorney.[4]

Plaintiff alleges, in effect, that by demanding in this fourth ground refund of "all taxes, penalty and interest," he was contesting all of the IRS's determinations made in the 1983 Notice of Deficiency. But the letter does not mention the 1983 Notice of Deficiency, and in the context of plaintiff's Form 1040X and the entirety of the letter, plaintiff's proposed interpretation simply is not plausible. The reference to "all taxes, penalty and interest" reasonably must be interpreted to refer to the same "all taxes, penalty and interest totalling $13,700.88" requested in the summary first paragraph of the letter. Indeed, the letter proposes to do nothing more than explain the grounds for the changes detailed in plaintiff's Form 1040X. As explained above, there is no indication therein that plaintiff intended to seek any adjustment to the IRS's income or deduction calculations other than to account for the dis-

allowed employee business expenses of $13,073.09.

Plaintiff's fifth ground is as follows:

5) The deficiency notice shows that the balance of tax due was $11,164.00, however when taxpayor was notified that he owned [sic] additional tax the amount appears as $16,430.20.

The reason for this is unexplained. Taxpayor requests refund of $5,266.20.

Thus, plaintiff therein does not dispute the calculation of $11,164.00 in taxes due, but rather only the subsequent increases to that amount. The $11,164.00 resulted from the IRS disallowing the disputed expenses and including the disputed income. The increase above $11,164.00 resulted from the IRS calculating and adding additional interest and penalties. Hence, in the fifth ground, plaintiff does not challenge the IRS's decision to make the now-disputed adjustments to plaintiff's income and expenses, but rather disputes only the IRS's calculation of additional interest and penalties.

In the sixth ground, plaintiff states: "This demand for refund is for the above stated amount or *such greater amount as may be legally refundable*." (Emphasis added.) But the Supreme Court has ruled that such broad catch-all phrases when made in the presence of a specific claim for refund do not oblige the IRS to reaudit completely the taxpayer's return and do not bar the running of a period of limitations for claims other than the claims presented with specificity. *United States v. Andrews*, 302 U.S. 517, 524–26, 58 S.Ct. 315, 319–20, 82 L.Ed. 398 (1938).

Thus, even when plaintiff's Form 1040X and the explanatory two-page letter are interpreted broadly in a manner most favorable to plaintiff, they constitute a claim for refund covering only (1) the disallowance of the claimed $13,073.09 in employee business expenses, (2) the 5% penalty of $174.72, and (3) the calculation of penalties and interest generally above the $11,164.00 in taxes that the IRS found due. The

---

**4.** The IRS responded in a January 23, 1986, statement of findings that plaintiff and his mother signed a power of attorney Form 2848

which the IRS received by certified mail on October 15, 1982.

documents cannot reasonably be interpreted to request a refund based on the IRS's disallowance of rental expenses ($11,101.73 and $9,307.64) or land clearing expenses ($400.00), or the IRS's inclusion of interest income ($315.00) or unemployment compensation payments ($630.00). These later claims, therefore, were filed for the first time when plaintiff filed his supplemental refund claim.

■ In *First National Bank of Montgomery v. United States*, 150 Ct.Cl. 798, 803, 280 F.2d 818, 821 (1960), the Court of Claims explained:

> [T]he decided cases make it plain that where a timely claim for a tax refund asking for the repayment of a definite sum upon a specific ground, the claim cannot be amended after the expiration of the period of limitation so as to ask for a refund on a ground different from that asserted in the original claim. *United States v. Andrews*, 302 U.S. 517, 524 [58 S.Ct. 315, 319, 82 L.Ed. 398] (1938); *Winchester Mfg. Co. v. United States*, 88 Ct.Cl. 89, 104 (1939), cert. denied 308 U.S. 621 [60 S.Ct. 298, 84 L.Ed. 518].

This standard is fatal to plaintiff here. Plaintiff's Form 1040X sought a specific amount of money based on specified grounds, and his supplemental refund claim sought to raise new issues outside the period of limitations.[5]

#### IV.

Plaintiff also cites case law discussing "informal claims," but those decisions do not aid plaintiff. In *United States v. Kales*, 314 U.S. 186, 194, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941), the Supreme Court explained informal claims, as follows:

> [A] notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it

does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

(Citations omitted.) But, as described above, this is not an instance where a submission made outside the period of limitations addresses formal defects or a lack of specificity of a notice filed within the limitations. The only timely filed "notice" by plaintiff is his Form 1040X which, as noted above, is a formal claim seeking a specific sum based on specific grounds. Plaintiff's supplemental refund claim, filed after the period of limitations, did not add either formality or specificity to the prior notice but rather raised completely new issues.

Moreover and in any event, the "surrounding circumstances" (*American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct.Cl. 106, 114, 318 F.2d 915, 920 (1963)) fully support a conclusion that in filing his Form 1040X plaintiff did not intend to contest any IRS determinations concerning income or expenses other than the $13,073.09 in alleged employee business expenses.

Plaintiff's refund claim was originally considered by an IRS auditor in Texas. In a January 23, 1986, letter, the auditor informed plaintiff that he intended to disallow in full plaintiff's claim for $13,700.88. The only income and expense issue the auditor discussed was plaintiff's alleged deduction of $13,073.09 in employee business expenses. The auditor concluded that the deduction was not supportable. Plaintiff protested the auditor's decision in a February 19, 1986, letter but did not suggest in his protest that by focusing exclusively on the deduction of employee expenses the auditor too narrowly interpreted plaintiff's Form 1040X refund claim. To the con-

---

5. Plaintiff also argues that the IRS should be estopped from contending that plaintiff's supplemental refund claim raised new issues because the IRS refunded money related to those issues as part of the refund for plaintiff's 1979 claim. But plaintiff fails to demonstrate that the refund he received for tax year 1979 relates in any way to the issues raised for the first time in his supplemental refund claim for tax year 1980. In any event, a claim seeking a refund for a single year on a specified ground is insufficient to establish an informal, much less a formal, claim for a refund on that same ground for a different tax year. *See American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct.Cl. 106, 114, 318 F.2d 915, 920 (1963).

trary, plaintiff's protest contained a "Statement of Facts and Argument" and a "Legal Discussion" and the sole ground proffered therein to support the $13,700.88 refund claim was that plaintiff's deduction of $13,073.09 in employee business expenses was consistent with applicable regulations.

Apparently, the first discussion between plaintiff and the IRS concerning other 1980 expenses disallowed by the IRS did not occur until an October 6, 1986, meeting between plaintiff's counsel and an IRS auditor in California.[6] Counsel's letter to plaintiff summarizing that meeting indicates that the meeting primarily involved an exchange of "basic information" because the IRS agent had "just received the file a few moments before my appointment." The letter indicates that plaintiff's Form 1040X was found confusing because it sought a total refund that was larger than the total decrease in income proposed. The letter states:

> Initially, there are some confusing matters with regard to the 1980 refund claim. I did not prepare either refund claims. The adjustment for 1980 is $13,-073.09. Yet, the amount of taxes that you are seeking to be refunded totals $13,700.88. At first blush, there appears to be a arithematical [sic] adjustment, but the agent is curious as to how the adjustment can lead to the tax liability. I am enclosing a copy of the first page of the 1980 claim.

> Agent Simmons thought that the answer might lie in disallowed property deductions as follows:
>
> Property B $11,101.73
> Property C 9,307.64

However, as described above, upon closer analysis the confusion disappears. Plaintiff's calculation of a tax refund larger than the proposed decrease in income was the result of plaintiff adding previously paid penalties and interest to line 18 in column 3 of the form. It had nothing to do with the IRS's previous disallowance of plaintiff's rental expenses on the two properties. The circumstances surrounding the

October 6, 1986, meeting, therefore, do not support plaintiff's position.

### Conclusion

In summary, plaintiff did not make any filing within the period of limitations that suggested any disagreement with the IRS's disallowance of rental and land clearing expenses or the IRS's treatment of interest income and unemployment compensation payments for tax year 1980. These issues were raised for the first time in plaintiff's supplemental refund claim. Since these refund claims were filed out of time, this court lacks jurisdiction to consider them and they shall be dismissed.

The court appreciates that the effect of this decision is that plaintiff has lost a cause of action for allegedly overpaid taxes because he mailed his claim for refund a mere four days late. But Congress determined that a period of limitations for tax refund claims was appropriate and the line that it drew establishes the metes and bounds of this court's tax refund jurisdiction.

IT IS SO ORDERED.

---

**6.** Plaintiff's refund claim had been transferred     from Texas to California at plaintiff's request.